## Markley Estate

*High, Swartz, Childs & Roberts,* and *Barnes, Dechert, Price, Myers & Rhoads,* for accountants.

*Jesse W. Beeghley, Jr.,* p. p., trustee ad litem.

TAXIS, P. J., July 28, 1959.—The first account of Provident Tradesmens Bank and Trust Company, formerly Provident Trust Company of Philadelphia, and Helen W. Markley, testamentary trustees, was examined and audited by the court on June 10, 1959. . . .

The account shows a balance of principal for distribution of $103,991.80, composed of bonds set forth on

page 2 of the account, preferred and common stocks set forth on pages 2 and 3 of the account, amounting altogether to $104,196.05, there being due accountants out of said unconverted investment securities $204.25.

A balance of income for distribution is shown of $1,973.07, composed of the common stocks set forth on page 3 of the account, and cash.

Decedent died on March 12, 1953, leaving a will dated January 13, 1953, by which he created the subject trust. Testator directed his trustess to pay the income from the trust to his wife for life. He then provided for several successive life interests and thereafter directed distribution of principal.

The present account was filed for the purpose of obtaining for the trustees a ruling on the effectiveness and scope of article ninth of this testator's will, an apportionment clause, which reads as follows:

"*NINTH:* In addition to the powers granted by law, my executors and trustees shall have the following powers with respect to both principal and income (including accumulated income), and such powers shall continue until distribution is actually made:

"*I.* To allocate any property received or charge incurred to principal or income, or partly to each, without being obliged to apply the usual rules of trust accounting, provided, however, that this power shall be exercisable only by my corporate executor or my corporate trustee as to property which it holds as co-fiduciary."

The trustee has received several stock dividends and has apportioned a part of these stock dividends to income following the formulae evolved under the cases for preserving intact value. The corporate trustee has filed the present account in order to obtain a judicial determination as to whether this method of treating certain trust receipts falls within the area of discretion granted to the trustee under article ninth quoted above.

By order of this court dated February 24, 1958, Jesse W. Beeghley, Jr., Esq., was appointed as trustee ad litem for all unborn or unascertained persons having an interest in this trust.

This trust is controlled by the Principal and Income Act of July 3, 1947, P. L. 1283, sec. 2, 20 PS §3470.2. Section 2 of this act empowers testator to establish his own rule of apportionment. It provides that: ". . . the person establishing the principal may himself direct the manner of ascertainment of income and principal and the apportionment of receipts and expenses or grant discretion to the trustee, or other person, to do so and such provision and direction, where not otherwise contrary to law, shall control, notwithstanding this act."

In the present case, testator clearly granted discretion to his trustees to direct the manner of ascertainment of income or principal. The trustees have adopted a particular method for allocating receipts to either principal and income, and the only question is whether this method is permissible under the terms of the above apportionment clause.

In Hood Trust, 7 Fiduc. Rep. 223, 228, the court considered a similar apportionment clause granting the trustee power to determine whether various receipts were to be classified as principal or income. Judge Saylor, sitting as auditing judge, ruled that: "The various questions relating to what should or what should not be apportioned are therefore not to be resolved in terms of rules of law but are matters for determination by the trustees within their discretion." Judge Saylor rejected the rule applied in other jurisdictions to the effect that this type of apportionment clauses does not give the trustee the authority to violate settled rules of law, but only empowers him to determine cases in which there is doubt. He concluded that if settlor possessed the power to direct and so

intended that his trustee was to decide whether various receipts were to be treated as income and principal, the limitation that this discretion may only be exercised in doubtful cases was not to be read into the clause.

In Parker Estate, 8 Fiduc. Rep. 580, Judge van Roden ruled in a similar situation that the test to be applied was simply whether the trustee had abused his discretion. However, he observed in passing that under the proposed apportionment in that case there would be no impairment of intact value.

The trustee ad litem contends that the abuse of discretion test is insufficient standing alone and suggests that the court rule that this type of apportionment clause relieves the trustee from the operation of the Principal and Income Act of 1947, but does not relieve him from the responsibility of following a method of apportionment which will fully preserve the intact value of the stock involved.

This problem has been treated in 3 Scott On Trusts, §233.5, p. 1775, wherein the author observed as follows:

"By the terms of the trust the trustee may be empowered to determine what receipts should be treated as income and what receipts as principal or to apportion receipts between the income and principal, and may be empowered to determine what expenditures should be paid out of income and what expeditures out of principal or to apportion expenditures between income and principal. Where such a power is conferred upon the trustee, his determination is controlling unless he has abused the discretion conferred upon him. Whether there is an abuse of discretion depends upon the extent of the power conferred upon him. *The mere fact that the trustee does not follow the rules which would be applicable if no such power were conferred upon him does not constitute an abuse of discretion. Indeed the very purpose in conferring the power*

*upon him is to enable him to depart from the usual rules.*" (Italics supplied)

If the rule proposed by the trustee ad litem is adopted, that is, that even with a discretionary apportionment clause the trustee must adhere to the intact value rule, the efficacy of this clause is limited to relieving the trustee from following the provisions of the Principal and Income Act. The complex and difficult rules which have evolved under the intact value rule would still obtain. However, as noted by Professor Scott, the very purpose in conferring this power upon a trustee is to enable him to depart from the usual rules, whether they be those set forth in the Principal and Income Act or the much more complex and difficult intact value rule.

If the view of the trustee ad litem is adopted, the purpose of testator to simplify the duties of the trustee will be badly frustrated. Many apportionment clauses contain provisions directing the trustee to apply various types of trust receipts to income and a resultant and intentional erosion of intact value occurs. Similarly, when a trustee is given absolute discretion to so allocate receipts to principal or income, as in the present case, we see no reason why intact value must be preserved. Had testator intended anything to the contrary he would not have granted the broad powers to the trustee initially. Therefore it would controvert the purpose and intention of testator to read into this clause the limitation urged by the trustee ad litem.

Accordingly we adhere to the general rule that the trustee's decision in these apportionment matters will only be set aside should there be an abuse of discretion.

In the present case the corporate trustee has elected to exercise its discretion by applying the intact value rule. Although we do not deem the trustee bound to follow these formulae, certainly the application of these rules would rarely if ever constitute an abuse of discretion and clearly is not an abuse of discretion

148

under the facts presented in this case. The method of apportionment is, therefore, hereby approved. . . .

The account is confirmed, and it is ordered and decreed that Provident Tradesmens Bank and Trust Company, formerly Provident Trust Company of Philadelphia, and Helen W. Markley, testamentary trustees, as aforesaid, forthwith pay the distributions herein awarded.

And now, July 28, 1959, this adjudication is confirmed nisi.